IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY DAVID BRAINARD**, <br><br> Plaintiff, <br><br> v. <br><br> **WESTERN OREGON UNIVERSITY**, <br><br> Defendant. | Case No. 3:17-cv-0253-SI <br><br> **OPINION AND ORDER** |

Edmund J. Spinney, 175 West B Street, Suite B, Springfield, OR 97477. Of Attorneys for Plaintiff.

P.K. Runkles-Pearson, MILLER NASH GRAHAM & DUNN LLP, 3400 U.S. Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Anthony Brainard ("Plaintiff") brings this lawsuit seeking money damages against Western Oregon University ("the University"), alleging violations of 42 U.S.C. § 1983. Plaintiff alleges that the University deprived him of liberty and property interests without due process of law. Plaintiff originally filed his Complaint in Polk County Circuit Court. The University timely removed the action to this Court on the basis of federal question jurisdiction. Before the Court is the University's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the

reasons stated below, the University's Motion to Dismiss is granted, and Plaintiff's request for leave to amend is also granted.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

# BACKGROUND

Plaintiff was a student at the University. *Id.* at ¶ 2. Plaintiff and student Emily Cantrell had a child together out of wedlock. *Id.* at ¶ 11. On October 13, 2016, the University sent Plaintiff a "no-contact order," which prohibited him from having any further contact with Ms. Cantrell. *Id.* at ¶ 13. On October 25, 2016, the University sent Plaintiff a notice informing him that a hearing had been scheduled with the University Student Conduct Hearing Committee following allegations that Plaintiff had violated the no-contact order and engaged in stalking Ms. Cantrell. *Id.* at ¶¶ 15-16. On the same day, Plaintiff also received an "Interim Sanction Notice," which prohibited him from entering or remaining on the University's campus. *Id.* at ¶ 14.

On November 1, 2016, a hearing was held and Plaintiff appeared and testified. *Id.* at ¶ 17. Ms. Cantrell did not appear or testify at the hearing. *Id.* After the hearing, the Committee upheld the allegations against Plaintiff. *Id.* at ¶ 18. The Committee also imposed sanctions, including an indefinite no contact order and deferred suspension. *Id.* at ¶ 19. Both Plaintiff and Ms. Cantrell appealed the decision. *Id.* at ¶¶ 20-21. On November 17, 2016, without a further hearing, the Vice President of Student Affairs determined both appeals and modified the sanctions against Plaintiff. *Id.* at ¶ 22. The sanctions ultimately imposed suspended Plaintiff from the University for three years and continued his no-contact order with Ms. Cantrell. *Id.*

Plaintiff asserts that he has a liberty interest in his good name, reputation, honor, and integrity, and a property interest in his continued attendance at the University. *Id.* at ¶¶ 23-24. Plaintiff alleges that the University deprived him of these interests without due process of law. *Id.* at ¶ 25. Plaintiff's Complaint against the University solely alleges claims under Section 1983.

# DISCUSSION

The University makes two arguments. First, the University argues that it has sovereign immunity. Second, the University states that it is not a "person" within the meaning of

Section 1983. Plaintiff responds that the University has waived its sovereign immunity by removing this lawsuit from state court. Plaintiff also responds that the University is not an "arm of the State" and thus is a proper defendant under Section 1983. In the alternative, Plaintiff requests leave to amend his Complaint to request injunctive relief and add additional claims under state law.

A.  Eleventh Amendment Immunity

The University argues that, as a state university, it is entitled to sovereign immunity. Sovereign immunity, also referred to as "Eleventh Amendment immunity," grants states immunity from citizen lawsuits in federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002). Eleventh Amendment immunity extends to entities that are the "arm of the state." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997). Eleventh Amendment immunity, however, does not extend immunity to citizen suits brought in state courts. *See Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980).

A state may waive its Eleventh Amendment immunity. *Lapides*, 535 U.S. at 619. In *Lapides*, the Supreme Court held that a state waives its Eleventh Amendment immunity when it voluntarily removes a suit from state to federal court. *Id.* at 620. The Court limited its holding to state claims filed in state court that were then removed to federal court. *Id.* at 617. The Ninth Circuit, however, has since extended waiver of immunity by removal to federal claims, regardless of whether those federal claims were asserted before or after removal. *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004).

Under the law of this Circuit, the University waived its Eleventh Amendment immunity when it removed this case from state court to federal court. When there is a valid claim filed in state court, a state or state entity may not escape liability by removing the action to federal court

and then invoking sovereign immunity. The University's reliance on sovereign immunity is rejected.

## B. "Person" Within the Meaning of Section 1983

The University also argues that claims under Section 1983 may not be asserted against it because the University is not a "person" for purposes of Section 1983. To establish Section 1983 liability, a plaintiff must prove "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a *person* acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citation omitted and emphasis added). The Supreme Court has held that states and governmental entities considered "arms of the state" are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70 (1989). This definition of "person" must be applied to all Section 1983 claims, whether brought in state or federal court. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 375–76 (1990).

To determine whether a governmental entity is a "person" under Section 1983, courts ask whether the entity would be considered an "arm of the state" for Eleventh Amendment purposes. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (quoting *Will*, 491 U.S. at 70); *see also Pittman v. Or., Employment Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007) ("[W]hile Eleventh Amendment sovereign immunity does not apply in state court, the practical effect of the holding in *Will* is that actions against arms of the state under . . . § 1983 . . . cannot be brought in either federal or state court, because the cause of action in § 1983 does not reach arms of the state."); *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("Claims under § 1983 are limited by the scope of the Eleventh Amendment.").

Courts consider five factors when determining whether a governmental entity is an arm of the state:

PAGE 5 – OPINION AND ORDER

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

*Streit v. Cty. of Los Angeles*, 236 F.3d 552, 566 (9th Cir. 2001); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

The Ninth Circuit and district courts within the Ninth Circuit have found that state universities are "arms of the state" for Eleventh Amendment purposes. *See, e.g.*, *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999) (holding that the University of Oregon "is an arm of the State of Oregon for Eleventh Amendment immunity purposes"); *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992) (per curiam) (holding that the Regents of the University of California "is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983"); *Committe v. Or. State Univ.*, 2016 WL 4374945, at *2 (D. Or. Aug. 11, 2016) (holding that Oregon State University is an arm of the state with sovereign immunity). Specifically, under the relevant factors, public universities in Oregon have been determined to be "arms of the State" and thus immune from suit under § 1983. *See, e.g.*, *Hagel v. Portland State Univ.*, 237 F. App'x 146, 147-48 (9th Cir. 2007) (affirming district court's finding that Portland State University was an "arm of the state"); *Hariri v. Portland State Univ.*, 2017 WL 826961, at *11 (D. Or. Mar. 2, 2017) (finding Portland State University to be immune from Section 1983 suit); *Harrell v. S. Or. Univ.*, 2009 WL 321014, at *1 (D. Or. Feb. 9, 2009) (finding Southern Oregon University to be an "arm of the State" as relevant to Section 1983); *Houston v. Univ. of Or.*, 2004 WL 1612950, at *4 (D. Or. Feb. 25, 2004) (finding University of Oregon to be an immune "arm of the State").

Plaintiff brings a single claim, under Section 1983, and names only the University as a defendant. The Court is bound by Ninth Circuit precedent holding that public universities in

PAGE 6 – OPINION AND ORDER

Oregon are considered arms of the state for Eleventh Amendment purposes and are therefore not "persons" within the meaning of Section 1983. Thus, Plaintiff's claim under Section 1983 against the University is dismissed.

C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may deny a motion to amend due to, among other reasons, the futility of the proposed amendment. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation omitted).

Plaintiff requests leave to amend his Complaint if the Court determines the University is an "arm of the State." Plaintiff seeks to add to the Complaint a request for injunctive relief and additional claims under state law. Plaintiff appears to request leave to seek injunctive relief against the University to avoid Eleventh Amendment immunity. Under the principle of *Ex Parte Young*,[1] a citizen may sue state officials for prospective injunctive relief against ongoing violations of federal law and the defendant may not invoke Eleventh Amendment immunity. *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 689-90 (1982); *see also Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967-68 (9th Cir. 2010). Because the Court has found that the University is not a "person" for purposes of

---

[1] This doctrine is derived from the Supreme Court case of *Ex parte Young*, 209 U.S. 123 (1908).

PAGE 7 – OPINION AND ORDER

Section 1983, seeking injunctive relief will not allow Plaintiff to assert a Section 1983 claim against the University. The basis for dismissing Plaintiff's Section 1983 claim is not Eleventh Amendment immunity, and therefore the *Ex Parte Young* exception to Eleventh Amendment immunity is irrelevant.[2]

Adding additional claims or additional defendants, however, may cure the deficiencies identified in this Opinion and Order. Accordingly, the Court grants Plaintiff leave to amend his Complaint.

## CONCLUSION

Defendant Western Oregon University's Motion to Dismiss (ECF 3) is GRANTED. Plaintiff may file an Amended Complaint within two weeks from the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 26th day of April, 2017.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge

---

[2] Moreover, the *Ex Parte Young* exception applies to state *officials*, not the state itself, and Plaintiff has not named or even proposed to name any state officials. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (noting that for the doctrine to apply the court must be commanding the conduct of a state official and that "[t]he doctrine is limited to that precise situation, and does not apply 'when the state is the real, substantial party in interest'"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." (citations omitted)); *see also Rounds*, 166 F.3d at 1036 ("Thus, the Eleventh Amendment immunity that the University and the Board of Higher Education may claim as dependent instrumentalities of Oregon shields them from claims for both monetary and non-monetary relief."). Further, the Court has found that the University waived Eleventh Amendment immunity by removing this case and thus no exception to sovereign immunity would be needed.